Good morning, Your Honors. My name is George Abel, and may it please the Court of Paul Hastings, and I represent AT&T Mobility Services, and I intend to reserve five minutes for rebuttal. This appeal presents three matters for the Court to consider. Number one, I think we all agree on, and that is that the District Court's order granting Mr. Rodriguez's motion to remand cannot stand on the grounds asserted. The District Court's reliance on a waiver of damages above CAFA's $5 million threshold was improper under the standard fire case. The second issue is, following standard fire, the proper standard of review that the District Courts should apply when analyzing evidence of an amounting controversy in a CAFA removal should be the preponderance of the evidence. And the third issue is that AT&T's evidence in the record here, when applied to the allegations of the representative plaintiff, demonstrates that the aggregate of the claims, the class member's claims, exceeds CAFA's $5 million threshold, regardless of the standard that applies. And I'd like to address each one of those points in turn. Point number one, the District Court's order can't stand on the grounds that are asserted. I think this needs little discussion. Respondent has conceded in his brief that waivers such as the one alleged in his complaint are ineffective to preclude removal under CAFA. And since Respondent's waiver was the sole basis for the District Court's decision to grant the remand motion, it cannot stand on those grounds. So should we issue an opinion that says a subsequent Supreme Court decision has now undermined Loudermilk and it is no longer controlling authority in the Ninth Circuit? I believe that the Court should do that, Your Honor, with regard to the legal certainty standard that Loudermilk announced for cases where a class action plaintiff averts or alleges damages less than $5 million. Well, we're already at odds with other circuits, correct? You are, and that is true, Your Honor. So there already was a split in the circuit on that issue, and the Supreme Court never took it, right? The Supreme Court has not addressed that issue directly, but in standard fire, the District Court in standard fire applied the preponderance of the evidence standard in concluding that absent the stipulation, the amount in controversy exceeded $5 million. And the Supreme Court did not contend with that or state that that standard of review was incorrect in any way. It simply sent the case back saying that you should ignore the stipulation. Wait. The District Court actually said if I'm wrong about the stipulation, the preponderance of the evidence is satisfied that it's over $5 million? Yes. The District Court in standard fire said... Oh, in standard fire, but not in this case. Not in this case. Not in this case. Okay. I'm sorry. I was discussing standard fire. In this case, the District Court did say that... Didn't make that finding, right? Did not expressly make that finding. It did... It determined that the waiver was dispositive. Okay. So to get back to my question about Loudermilk, then, does that in essence take this... Using Loudermilk's analysis, does this then convert our case into a claim in which the amount of damages are unspecified, which Loudermilk acknowledged then would be by preponderance of the evidence? That's exactly right, Your Honor. Because what happens is standard fire says that district courts should ignore a stipulation, a waiver, an allegation, whatever it is that a class action plaintiff has put in his complaint where they try to curtail the amount of damages. Standard fire has said you ignore that. So once the district court ignores that, you're left with a complaint that does not state damages. And under Loudermilk, in that circumstance where the complaint does not state an amount of damages, a preponderance of the evidence standard applies. And that is what we contend should happen here. Now, I believe one option the court has is simply to send it back to the district court and say the preponderance of the evidence standard applies under standard fire and Loudermilk. But I believe that the evidence before this court is sufficient where it can conclude that the evidence submitted by AT&T Mobility is sufficient to meet the preponderance of the evidence standard. It sort of seems that you and the plaintiff hotly dispute the value of the putative class member's claims, as well as who acted in good faith or bad faith. So that seems hard to resolve here. I don't think so, Your Honor, because the respondent actually has never disputed that AT&T's evidence met a preponderance of the evidence standard. They have always contended that we don't meet the legal certainty test. They've never in any brief here or in the court there. They haven't had reason to. Well, that's not true, Your Honor, because we argued below that despite Loudermilk, the preponderance of the evidence standard should apply. But they were pretty comfortable in standing on Loudermilk, and you can argue all you want, but it's the legal certainty standard that appeared to apply, and it's not surprising to me that's what they argued. Well, even in the brief here before this court, they have not contended that the evidence fails to meet the preponderance standard. They still claim it doesn't meet the legal certainty standard, but not. Well, weren't your briefs submitted simultaneously? They were. That's one of the problems with the timeline. So I don't know that they entirely anticipated that you were going to try to win summary judgment before the court of appeals. Well, I think their brief suggests that this court could decide the issue their way. Well, if I ask your colleague if he concedes that he loses on the preponderance of the evidence standard, do you expect the answer to be yes? Not here today, no. Okay. So why should we take up the issue? Why shouldn't we ask the district court to sort out the facts the way the district court usually does? Well, because I believe the district court has already opened a window or disclosed where it's headed in this case, because the district court did say in its opinion that this case, absent the waiver, either was or arguably was above the $5 million threshold. So what have you got to worry about? I'm sorry? You want to be in federal court, so what do you have to worry about? Well, I fear that we're going to end up back here six months from now with virtually the same record. Of course, we don't have to grant a second petition for review. We could say thanks for the invitation, but we've been to that dance. That's true. If the court denies the motion for remand, however, the plaintiffs could appeal that, and we would end up back here with virtually the same record before the court. But isn't that still a discretionary appeal on our part? Doesn't CAFA say we have to grant the petition? I mean, I assume that this panel would retain jurisdiction. We can talk about that back in the conference room, but I assume we'd retain jurisdiction over this case. So we're familiar with the record, and depending on how we decide it, if we send it back down and Judge Wu did what you think he's going to do and say I think there's more than $5 million, it's in federal court, the plaintiffs can try and appeal again, but we're going to decide whether or not we're going to rehear it. And if it's just a rehash of the arguments that we're hearing here today, I think you can guess what our answer is going to be. Well, I think that's right, but I still believe that there's sufficient evidence in the record for this court to decide it. I think the concepts of judicial efficiency would warrant deciding it now rather than forcing the district court to go through the motions of deciding it. I'd like to ask you a practical question in terms of what are the consequences for future CAFA cases of applying a preponderance standard versus a legal certainty standard in your view? In my view, the consequences will be that the district court will have to do what the standard fire court said and what the statute says, which is it will analyze, aggregate the claims of the class members, and it will do so looking at the allegations of the complaint and any evidence that is necessary to come forward from the defense. I think I don't view it as expanding wildly the federal court jurisdiction. I think there's still going to be a even standard fire, I think the standard fire used the phrase that there has to be a strict factual inquiry as to whether the $5 million threshold was met. I mean, it's kind of hard to even figure out what legal certainty is. This court, not this panel, but this court has said that. It's not very well defined, but what it doesn't mean, is that it doesn't require a defendant to essentially prove plaintiff's case, which is where the legal certainty test has often led. If you look at some of the district court cases that have applied the legal certainty test, they're looking for the defendant to put into evidence the number of hours of overtime worked or the number of days late that a paycheck was paid. And that essentially helps to prove the plaintiff's case. And I think that's the problem with the legal certainty test, is it gets too far into having the defendant prove plaintiff's case. But whether it's the preponderance or the legal certainty, you'd still have to go beyond the, or you would most likely go beyond the complaint, right? It's going to depend on how the complaint is alleged, but in most cases I would think that's probably true, yes. I think in most cases, this particular complaint, the allegations were fairly specific, and that enabled AT&T to establish the amount in controversy. Other complaints are less specific, in which case there may need to be some more factual declarations put forward in order to establish what the amount in controversy is. But I think, Your Honor, that the practical effect is going to be that district courts will still look at these cases closely as to whether the threshold is met, and it's going to depend on how the complaint is alleged and what evidence is submitted by the courts. I see I have about four minutes left. I'd like to retain that for a moment unless there are further questions. We'll hear from Mr. Morris. Thank you. May it please the Court. I'd like to start with the appropriate legal standard, and I don't believe standard FIRE changes anything with respect to Loudermilk. Does it? I mean, I'm looking at Loudermilk, and it does seem to me that it falls into the, I'm looking at page 998, I don't know if you have the case in front of you. I could grab it, but if you just. Basically, while you're opening up 479F3rd at 998, in that case, we cited to Abrego, Abrego and identified three different scenarios. It's on the left-hand column of the Federal Reporter. First, when the plaintiff fails to plead a specific amount of damages, the defendant seeking removal, quote, must prove by a preponderance of the evidence that the amount of controversy requirement has been met, end quote. And I ask Mr. Abel, if we disregard the stipulation, doesn't that throw this case right into this first scenario? I don't believe so, because the actual allegation of the complaint is, not only did we waive damages above $5 million, but in the sentence before that, we said the amount in controversy is below $5 million. It's an affirmative statement. It's exactly the kind of statement that Loudermilk is looking for in applying the legal certainty standard, an unambiguous statement that the amount of controversy is below $5 million. It looks like Your Honor is looking for the site for that, so I can give Your Honor the record site, which is ER at 92. It seems to me, though, that standard fire overturns Loudermilk's central premise, which is, for purposes of CAFA jurisdiction, a plaintiff is the master of his or her own complaint. So why doesn't, if it undermines that, why doesn't it also undermine Loudermilk's rationale for adopting a legal certainty standard approved? Sure. I don't think it undermined the principle that the plaintiff is master of his complaint. It was a very narrow holding. It's actually said we're overturning it for a simple reason. The simple reason is a plaintiff in a class action can't bind class members before class certification. That was it. It said nothing about the appropriate legal standard. It said nothing about plaintiff is no longer the master of his complaint. It said nothing about bad faith. It said nothing about the standard of the legal test below that the district court used. If standard fire had not come out the way that it had, then essentially it would allow plaintiff's counsel to determine or not determine federal jurisdiction. And we don't like that. And that's really what, I mean, and CAFA wasn't, you know, I mean, before standard fire came out, you can see what the purpose of CAFA is. And it was pretty clear to me that you weren't going to be able to handle this on a stipulation. Well, I mean, let's talk about the purposes of CAFA. Was it meant to apply to a purely state court action, apply to state court law? And in this case, it's a Los Angeles County case. These weren't the principles behind CAFA. Now, I know literally- CAFA was to prevent people from venue shopping and to put people, I mean, the federal courts, I guess, you know, whether we're right or we're wrong, we like to think of ourselves as not being hometowning people, you know, not letting people pick venues that are going to be better for them one way or the other, to have some sort of standard that applies across the board. And allowing people to stipulate to squeeze in or out of CAFA, it seems that it's to do, you know, Right, but Standard Fire doesn't say that. Again, it just took one simple fact. The stipulation is non-binding. It said nothing- How does that say that the plaintiff is not master of her complaint? Well, because we couldn't bind absent class members who are not parties to the case. Absent class members here. Well, all we're saying is stating that we believe the amount of controversy is below $5 million. The defendant can overcome that showing meeting the legal certainty test. So we're not saying absolute clarity. Going back to your statement that Loudermilk does not undermine Standard Fire, the premise of Loudermilk is that plaintiff is master of her complaint. How does Standard Fire not say that's not true in a putative class action? Because, again, it's focusing on the power to bind others. And that's the point. I don't- You don't have the power to bind others, so your client is not the master of his complaint either. Well, they can at least state what they believe the amount of controversy is. They can't absolutely state- Well, this is an even worse scenario, which is that I think the amount of controversy is under $5 million. It means you get to be in state court where you're free to collect $20 million. In fact, that's what you can prove up. Is that what the Supreme Court's inviting? No, and I don't think that statement's true, because if we say it's under $5 million, they can overcome that showing. And they can do it by reproducing summary judgment-type evidence, which shows that we were wrong. And that's what they propose to do. But why should they have to do that by a legal certainty standard? Because we have alleged affirmatively, based on our understanding of the facts out there, that the amount of controversy is below $5 million. And why, logically, should that be put to a legal certainty test? Because I don't believe the plaintiff's master of his complaint has been overruled by Standard Fire. Mr. Marston, whose complaint? Mr. Rodriguez's complaint? Or the currently not yet certified class's complaint, which in Standard Fire the Supreme Court said Mr. Rodriguez doesn't have the authority to bind? Right, but the allegation we're making is not a binding allegation. In other words, if it turns out during the course of the case that more than $5 million is a controversy, the defendant can remove it at that point. He is seeking to serve as the putative class representative. And that statement, no matter how you want to play with the semantics, is a statement as to what the class's claim is worth. And he has not yet been appointed by the court through certification as a representative plaintiff of their claim. So I'm a little uncertain as to where you're going in response to Judge Clifton's question. You know, I understand Judge Clifton's question. I guess the point is that these type of allegations about how much the amount of controversy are not binding. They don't prevent any class member from recovering more than an amount. Let's go back to your statement of CAFA purposes. I'm looking at standard fire, and it talks about that the purpose of CAFA jurisdiction in treating these non-binding stipulations as if they were binding, exalts form over substance and runs directly counter to CAFA's primary objective, ensuring federal court consideration of interstate cases of national importance. And you brought a claim against AT&T Mobility, which I think the court can take judicial notice, operates in far more areas than Los Angeles County. And you're trying to limit the class size only to the retail sales managers in the L.A. County and Ventura County stores. But if we allow that limitation, why isn't this a case of national importance, which challenges all of AT&T Mobility's treatment of retail store managers throughout the country? Because California has different laws with respect to overtime and exemptions than federal. But even if we expanded it to the whole state of California, you're still going to have a huge class. Right, but we're not doing it to the whole state of California. We have that litigation. But we were denied class certification. And our belief is that this case should have been in state court. We're following defendants' argument that they made in their opposition to our motion to class cert, that each region is different, and each supervisor they have are different. So we've tried to craft these new actions around the area managers and district managers. Who denies you class certification or in another case? In a statewide class action. Okay. So that's why this has been divided up to approximate the arguments they made in opposition to certification, which is that the area supervisors or the district managers matter, that each place is different in California. And this is an action we believe from the get-go should have been in California. There's no federal law here. There's no non-California class members here. This is the proverbial state law cause of action involving California citizens that should have stayed here. And when we pled the amount in controversy was below 5 million, that statement in itself is not binding. Now, the stipulate or the waiver, we attempted to make that binding. Standard FIRE overrules that. But I agree with the district court in Deaver, which is Standard FIRE said nothing about plaintiff being master of his complaint. That allegation is not binding. How does it fail to say that when it makes the point that in a putative class action, plaintiff can't speak for everybody else? Again, I don't think he's speaking for everybody else. He's saying what he thinks the amount in controversy is. Defendant can overcome that showing. And to the extent as the case goes along, amendments or changes or facts give rise or show, hey, this actually is above 5 million. They have a year for removal from that date. What changes this from the case where there's no allegation and the pleading is to the amount? Why is the fact that plaintiff expresses a personal opinion that it's less than $5 million, the standard of proof should move from preponderance to legal certainty? What's the logic of that? Again, it's back to the – What's the logic of that? It's the master of his complaint. But he's not in a putative class action. If you accept my proposition that standard buyer says he's not, do you accept the proposition? And I understand you don't accept that. But if we get past that, do you have any other argument as to why Loudermilk's standard shouldn't be set aside? Well, that would be the primary argument, Your Honor. Let me talk about the legal certainty standard, whether or not they've met it. And we do disagree, by the way, that they've even met a preponderance of the Evans standard. We didn't brief that because we were on solid footing with Loudermilk as to the legal certainty standard. But let me just point out one thing. They have a two-page conclusory declaration, which is the entire basis for the facts that they submitted for removal. And if you leave Loudermilk or you leave this court's decision on Johnson v. U.S. Vision, they have to produce evidence, which allows this court with enough certainty to determine Katherine's jurisdictional requirement has been met. And in this two-page declaration, they provide two pieces of information. They provide the number of class members and they provide the average salary. As to those two figures, they don't say how they arrived at those numbers. They just say they looked at business records. What they don't add are the three most essential components to determine whether or not the legal certainty or the preponderance of the Evans standard has been met. They don't tell you how many pay periods they are. They don't tell you how long they worked, stuff that they could easily find out. And they don't even produce the amount of time or the schedules retail sales managers typically work. But if you would just look at your complaint, doesn't it say hundreds of employees seeking unpaid wages, damages, and penalties? Why don't those allegations suggest complaints worth more than $5 million? Sure. I think at least the way the district courts have interpreted Loudermilk and Johnson v. U.S. is that you have to produce evidence that relying on the allegations of the complaint alone are insufficient. And here they have access to three critical pieces of information, information that everyone needs to use to determine penalties and wages. And they didn't supply it. They instead relied on assumptions for those three critical pieces of evidence, which they could have supplied without admitting liability. I mean, if you look at other cases, typically people at least supply the amount of time class members work in terms of the number of weeks or at least the actual number of pay periods, not an assumption that every class member worked every single pay period eligible for overtime and for penalties. That doesn't even make sense. It's a one-year statute. The courts sort of seem to obliquely refer to this case as a CAFA case that otherwise would or at least arguably would appear to meet the $5 million jurisdictional minimum. So was that, I think, what the appellant's arguing here, that that was an implicit finding that your client's claims are worth more than $5 million? But it later clearly says that it's not going to decide the issue of what the party's calculations are. Very explicitly says that. So it may have hinted what it may have wanted to do or may have done, which I'm not even sure, but it expressly declined to reach that issue, which is the reason why we believe this should be remanded. If you're going to go by standard FIRE, standard FIRE does say the district court is commanded to aggregate the claims. It didn't do that here. Combining that with Singleton v. Wolfe, which we've cited for this court, it's a hotly contested issue. It seems like it should go back to the district court in the first instance. And hearing you argue on some level, and I don't know if it's exact or implying, that because you've been kicked out of another situation, that if we rule against you here, you're saying that AT&T keeps changing their position and therefore you have a group of people that are people without a remedy or something. I'm sorry, I didn't understand your question. Well, you said that Judge Wu declined, that would not certify the class that you had previously. Statewide. Statewide. And so then you were trying to go, you know, just LA or, you know, go district-wise. And so it just seems to me that you're trying to argue on some level, and I'm not sure how this really exactly amounts to anything, that at every way they oppose you, that you have a group of people that just can't seem to get justice anywhere. It feels that way, Your Honor. We feel this case should have been certified. And the fact that it wasn't is not dispositive of bringing another case with smaller geographic scope to sort of approximate the different areas and regions that AT&T divides up its store. So we think that this should be in state court. We think there are different certification standards in state court versus federal. And we believe that a California state law cause of action should be decided pursuant to California procedural class action rules, not state rules, not federal rules. Okay. Thank you very much, Mr. Morrison. That's about four and a half minutes. Thank you, Your Honors. I'd just like to make a couple of points. Plaintiff's primary argument is that in addition to the waiver, they've also alleged that the amount is below the $5 million threshold. And as I think I mentioned in my earlier remarks, the standard fire complaint also, in addition to a stipulation, had an allegation that the amount in controversy was less than $5 million. And the Supreme Court rejected that as well. So that additional allegation does not help the plaintiff. Standard fire essentially says you ignore the stipulation, you ignore the allegation, and that brings, as the Court has already recognized, this case back to the outer mills first scenario where no amount of damages have been alleged, and therefore the preponderance of the evidence standard applies. With regard to the master of the complaint discussion, I believe Judge Clifton is right that the standard fire case did undermine the master of the complaint concept, certainly with regard to class actions. A plaintiff is not the master of the complaint with regard to the unrepresented class members. The history of this case that was discussed also provides some worthwhile background. Judge Wu did deny a class certification for the exact same group of people statewide, and then three individual or smaller classes were alleged. And even though each one of those has the same causes of action for a smaller group of people geographically, there still are allegations within the complaint that undermine the opinion, if you will, that the damages are under $5 million. What was his reason for denying statewide certification? It was just an unmanageable size? Individual issues would predominate, and we believe that's going to be the case. And you argue that, but I think what he was saying is that we do it different district to district, and so then they're trying to split it up. And so the implication is that these people can't go to court anywhere. They can go to federal court. There's certainly that option, and that's where the ---- It just may not be a class action. Exactly right. And they will, of course, argue that the geographic differences make a difference. We will argue that they won't, but that will be sorted out, we think, by Judge Wu when this case goes back to him where it belongs. And it belongs before Judge Wu because the amount of controversy is still more than the $5 million. And on my last point, counsel makes reference to the declarations not being sufficient. The declarations were sufficient to add to what they've already alleged in the complaint. As I said, the Ninth Circuit said in the Campbell case that you do take the allegations of the complaint as true, and that makes sense because you're looking at what the amount in controversy is. What amount has the plaintiff put in controversy? The plaintiff puts an amount in controversy based on his or her allegations. And the allegations here ---- If we accept it as true, it's less than $5 million. Excuse me? If we accept the allegation as true, it's less than $5 million because plaintiff is so alleged. Well, the standard fire has said that that conclusory allegation needs to be ignored. The allegations I was referring to are the allegations that they work six days a week, they work 10 to 12 hours a day, none of them got their final pay correctly and to this day still haven't been paid, and so that would entitle them each to 30 days' worth of wages. It's those facts which are specifically alleged in the complaint that dictate what the amount in controversy is. And that's where their argument that the declarations the defendants submitted were not sufficient falls apart because their allegations are sufficient to meet most of those pieces of the calculations to find out what's in controversy. Unless the court has further questions, I see I'm running out of time. All right. Thank you both. We'll give you a decision promptly as the statute requires, so good luck. Thank you, Your Honor.
judges: Tallman, Clifton, Callahan